IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFFREY D. COSBY,           §
BOP Register No. 33325-037, §
                            §
        Plaintiff,          §
                            §
V.                          §        No. 3:22-cv-526-B-BN
                            §
XAVIER BACERRA,             §
                            §
        Defendant.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeffrey D. Cosby, a federal prisoner incarcerated in this district, brings this *pro se* action against the U.S. Secretary of Health and Human Services (the Secretary), in his official and individual capacity, seeking (1) a declaratory judgment "that he is 'unenrollable' in Medicare Parts A-D and thus not subject to any late enrollment penalties until such time as he is released from custody and no longer meets 42 USCS 402(x)'s definition of 'confined'" and (2) injunctive (and possibly monetary) relief based on this declaration. Dkt. No. 3. Cosby neither paid the filing fee nor moved for leave to proceed *in forma pauperis*. But he did file a motion for summary judgment. *See* Dkt. Nos. 4-6.

United States District Judge Jane J. Boyle referred Cosby's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for lack of subject matter

jurisdiction.

## Applicable Background

Cosby, who is now older than 65, has been incarcerated since 2006 and is projected to be released in October of 2027. *See* Dkt. No. 3, ¶¶ 10, 11. Before turning 65, he asked prison officials what he should do to enroll in Medicare Parts A and B and was informed "that Medicare Part B premiums need to be paid by prisoners while they are incarcerated" to avoid "late enrollment penalties when their incarceration ends." *Id.*, ¶¶ 12-14. Cosby now argues that this policy "constitutes an unjust hardship imposed on some of society's most vulnerable individuals" – "elderly ex-prisoners" – and "is an incorrect interpretation of [the Social Security Administration's] own governing statutes, in particular 42 USCS § 1395c as read in conjunction with 42 USCS § 402(x)." *Id.*, ¶ 15 (cleaned up).

Cosby further argues that

[a] correct reading of these statutes would result in any "confined" individual being UNENROLLABLE in either Medicare Part A or Part B.
    A finding of "unenrollability" would thus alleviate the need for prisoners to attempt to enroll in Medicare Parts A and B while in prison which is appropriate since they are ineligible to receive any Medicare benefits while they are incarcerated because the [Federal Bureau of Prisons] bears all responsibility for inmates' health care while they are in prison.

*Id.*, ¶¶ 15, 16.

## Legal Standards and Analysis

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

In support of federal subject matter jurisdiction, Cosby cites 28 U.S.C. § 1361, 42 U.S.C. § 1395ff, 28 U.S.C. § 1331, and 42 U.S.C. § 405.

I.    The Court does not have mandamus jurisdiction.

"Under 28 U.S.C. § 1361, district courts have original jurisdiction over 'any action in the nature of mandamus.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 398 (5th Cir. 2020) (citation omitted). This "mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to the plaintiff." *Id.* (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011)).

But, under its plain language, Section 1361 "does not grant jurisdiction to consider actions asking for other types of relief – such as injunctive relief," since "[a]n injunction 'is a remedy to restrain the doing of injurious acts' or to require 'the

undoing of injurious acts and the restoration of the status quo,' whereas 'mandamus commands the performance of a particular duty that rests on the defendant or respondent, by operation or law or because of official status.'" *Wolcott*, 635 F.3d at 766 (citation omitted).

If mandamus jurisdiction does exist, relief under Section 1361 "may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Id.* at 768 (citing *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980); *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984)). As to the first two requirements, "[i]n short, mandamus does not create or expand duties, but merely enforces clear, non-discretionary duties already in existence." *Id.*

For no other adequate remedy to be available "requires the exhaustion of any adequate administrative remedies before a court may issue mandamus." *Id.* (citing *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984)). That is, "[o]rdinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed." *Id.* (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27-28 (1943)). And, "[a]n alternative remedy, including an administrative remedy, is adequate if it is 'capable of affording full relief as to the very subject matter in question.'" *Id.* (citing *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) (per curiam)).

So, "[e]ven when a court finds that all three elements are satisfied, the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy." *Id.* (citing *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc)). Mandamus is therefore "reserved for

extraordinary circumstances." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing

*Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976)).

Applying these standards, Section 1361 does not afford the Court jurisdiction

here. *See Wolcott*, 635 F.3d at 767. As further discussed below, an adequate remedy

other than mandamus exists. And, at a minimum, the claim that Cosby now brings

to this Court must first be presented to the Secretary.

II.    The Court otherwise lacks jurisdiction because Cosby fails to show that the United States has waived its sovereign immunity.

Preliminarily, while Cosby contends that he is suing the Secretary in an

individual capacity, his allegations do not bear this out. *Cf. Hardesty v. Waterworks

Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461, 470-71 (W.D. La. 2013) ("The Fifth

Circuit follows the majority view among the circuits that, when a plaintiff fails to

allege in what capacity he is suing the defendants, a court must look to the substance

of the plaintiff's claim, the relief sought, and the course of proceedings to discern the

nature of the § 1983 suit." (citing *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973)

(per curiam); collecting cases)).

Regardless, insofar as Cosby seeks monetary damages, *see* Dkt. No. 3, ¶ 26, he

has not shown that the *Bivens* remedy should be extended to the context of this

lawsuit. *See, e.g.*, *Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020).

And, focusing on the tenor of Cosby's allegations, his claim against the

Secretary is, in substance, asserted against the United States. *See Kentucky v.

Graham*, 473 U.S. 159, 166 (1985). "To maintain a suit in district court against the

United States, a plaintiff must bring claims under a statute in which Congress

expressly waives the United States' sovereign immunity." *Ortega Garcia v. United States*, 986 F.3d 513, 522 (5th Cir. 2021) (citing *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997)); *see also Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar." (citing *Cambranis v. Blinken*, 994 F.3d 457, 462 (5th Cir. 2021))).

"42 U.S.C. § 1395ff restrictively lifts the shield of sovereign immunity for Medicare claims, revealing a small window through which claims arising under Medicare may be pursued through 42 U.S.C. § 405(g)." *D&G Holdings, LLC v. Burwell*, 156 F. Supp. 3d 798, 807 (W.D. La. 2016). *Accord Family Rehab., Inc. v. Azar*, 886 F.3d 496, 500-01 (5th Cir. 2018) ("Under 42 U.S.C. § 405(g) and (h), federal courts are vested with jurisdiction over only a 'final decision' of [the Secretary] when dealing with claims 'arising under' the Medicaid Act. Ordinarily, this means that a [litigant] may come to district court only after either (1) satisfying all four stages of administrative appeal, i.e., after the [Medicare Appeals] Council has rendered a decision, or (2) after the provider has escalated the claim to the Council and the Council acts or fails to act within 180 days." (footnote and citations omitted)).[1]

---

[1] *See also D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 474 n.4 (5th Cir. 2022) ("Section 405 is found in the Social Security Act, but both subsections (g) and (h) are incorporated into the Medicare Act. Section 1395ii makes § 405(h) applicable to the Medicare Act 'to the same extent' as it is applicable in the Social Security Act. Section 1395ff(b)(1)(A) incorporates § 405(g). Crucially, § 1395ff(b)(1)(A) limits judicial review to initial determinations that have been exhausted through the administrative appeals process. Agency actions that are not 'initial determinations' are therefore not eligible for § 405(g) judicial review under § 1395ff(b)(1)(A)."); *D&G Holdings, L.L.C. v. Azar*, 776 F. App'x 845, 848 (5th Cir. 2019) (per curiam) (As applicable to Cosby, "[u]nder § 1395ff(a), initial determinations include an 'initial determination of whether an individual is entitled to benefits' and 'the amount of

Cosby initially argues that Section 405's channeling requirements do not apply here since he "has 'no claim pending' before" the Secretary. Dkt. No. 3, ¶ 8; *see also id.* (setting out a timeline that Cosby alleges culminated with a letter from the Social Security Administration dated November 17, 2021, which stated that "[t]here is currently no claim pending and therefore no claim to appeal," from which Cosby concludes: "Thus, since SSA has declared that Plaintiff has 'no claim to appeal,' it has waived any objections it may have to this Court's assuming jurisdiction over this matter pursuant to 42 USCS 405 et seq.").

But, first, insofar as Cosby's argument above may be read as also asserting that the claim now before the Court does not arise under the Medicare Act, such an argument is incorrect. As set out above, Cosby seeks declaratory and injunctive relief based on his reading of the Act. And "[a] claim arises under the Medicare Act if 'both the standing and the substantive basis for the presentation' of the claim is the Medicare Act." *RenCare, Ltd. v. Humana Health Plan of Tex., Inc.*, 395 F.3d 555, 557 (5th Cir. 2004) (quoting *Ringer*, 466 U.S. at 606 (quoting, in turn, *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975))); *see also GOS Operator, LLC v. Sebelius*, 843 F. Supp. 2d 1218, 1223 & n.10 (S.D. Ala. 2012) ("Courts have construed these principles broadly." (collecting cases, including *Lynncore Medgroup, Inc. v. Sebelius*, No. 4:11-cv-195, 2011 WL 6116536, *5 (E.D. Tex. Nov. 10, 2011) ("Courts broadly construe the phrase 'arising under' to include 'all claims for relief, regardless of whether the

benefits available to the individual' under Parts A and B of the Medicare Act." (quoting 42 U.S.C. § 1395ff(a)(1)(A)-(B))).

claimant seeks benefits, or declaratory or injunctive relief.'" (quoting *Citadel Healthcare Servs., Inc. v. Sebelius*, No. 3:10-cv-1077-BH, 2010 WL 5101389, at \*3 (N.D. Tex. Dec. 8, 2010))), *rec. adopted*, 2011 WL 6131953 (E.D. Tex. Dec. 7, 2011))).

The undersigned also cannot find that Cosby's timeline supports that his claim has been removed from Section 405's channeling requirements.

"Section 405(g) … provides for judicial review of 'any final decision … made after a hearing.' This provision, the [United States Supreme] Court has explained, contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable … requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also Feldman v. Dep't of Health & Human Servs.*, Civ. A. No. 12-246-BAJ-SCR, 2012 WL 3293407, at \*4 (M.D. La. Aug. 10, 2012) ("In *Mathews*, the Supreme Court held that jurisdiction under section 405(g) is determined by a two prong test. First, there must have been a presentment to the Secretary. This element can never be waived and no decision of any type can be rendered if this requirement is not satisfied." (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999); citation omitted)).

And, in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000), the Supreme Court

> acknowledged that certain "contentions" relevant to the "'action' arising under the Medicare Act" are reviewable by the courts, even if those "contentions" themselves were not subject to a hearing. The challengers there complained about certain procedural regulations pertaining to the

agency's review, but they did not initiate agency review *at all*, and attempted instead to bring their challenge directly to the courts. The Court held that the challengers were required to present the matter to the agency first, but they "remain free, however, after following the special review route that the statutes prescribe, to contest in court the lawfulness of any regulation or statute upon which an agency determination depends." The Court went on to say:

> The fact that the agency might not provide a hearing for that *particular contention*, or may lack the power to provide one is beside the point because it is the "action" arising under the Medicare Act that must be channeled through the agency.

*D&G Holdings*, 22 F.4th at 475 (quoting *Ill. Council*, 529 U.S. at 23).

Cosby's timeline is hard to follow, but it does demonstrate that, as to the claim now before the Court – even if that claim is not subject to a hearing – he failed to initiate agency review – that is, he failed to present the claim to the agency. This failure deprives the Court of jurisdiction, as the United States has yet to waive its sovereign immunity as to the claim Cosby now asserts against it. *See Ill. Council*, 529 U.S. at 20 ("[T]his Court crossed the relevant bridge long ago when it held that Congress, in both the Social Security Act and the Medicare Act, insisted upon an initial presentation of the matter to the agency." (citing *Ringer*, 466 U.S. at 627; *Salfi*, 422 U.S. at 762)); *see also Supreme Home Health Servs., Inc. v. Azar*, 812 F. App'x 229, 234-35 (5th Cir. 2020) ("The Supreme Court has made clear that 42 U.S.C. § 405(h), as incorporated by 42 U.S.C. § 1395ii, generally bars suits arising under the Medicare laws from being brought under federal-question jurisdiction. Claims must first be 'channeled through' the administrative review process. A plaintiff may invoke § 1331 in a particular set of cases, however, where the bar against jurisdiction 'would not lead to channeling of review through the agency but would mean no review at all.'

'This exception is narrow and applies only when channeling a claim through the agency would result in the "complete preclusion of judicial review."' But [even] the delay caused by the 'colossal backlog in Medicare appeals' is not enough to provide jurisdiction under § 1331." (citations omitted)).[2]

Relatedly, while Cosby invokes 42 U.S.C. § 1395ff(b)(2) as a separate basis for jurisdiction, *see* Dkt. No. 3, ¶ 5, this provision only provides for expedited access to judicial review to a provider or an individual "who has filed an appeal under [Section 1395ff(b)(1)]," 42 U.S.C. § 1395ff(b)(2)(A). Cosby did not file such an appeal.

In sum, Section 405 applies to Cosby's current claim. As such, jurisdiction under Section 1331 is not available. And Cosby has not shown that the United States has waived its sovereign immunity and thus shown that the Court has jurisdiction over this lawsuit.

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

---

[2] *Cf. Barber v. United States*, 642 F. App'x 411, 413-14 (5th Cir. 2016) (per curiam) ("Before filing suit under the FTCA, the plaintiff must 'first present[ ] the claim to the appropriate Federal agency.' 28 U.S.C. § 2675(a).... [B]ecause presentment is a 'condition[ ] upon which the government consents to be sued' under the FTCA's waiver of sovereign immunity, it 'must be strictly construed in favor of the United States.' *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 958 (5th Cir. 1991).").

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 9, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE